## KEKEL v ALLSTATE INSURANCE COMPANY

Docket No. 79106. Submitted March 5, 1985, at Lansing.—Decided
July 16, 1985. Leave to appeal applied for.

A dispute arose between plaintiffs, Steve Kekel and Ruth Kekel,
and the defendant, Allstate Insurance Company, their insurer
under a no-fault insurance contract. Plaintiffs brought an ac-
tion in the Arenac Circuit Court. Defendants responded with a
motion for summary judgment. The trial court, Carl L. Horn,
J., granted the motion and dismissed plaintiffs' complaint be-
cause of a failure to state a claim upon which relief can be
granted. Plaintiffs appeal raising the issue of whether the
provisions of the Michigan Consumer Protection Act are avail-
able to an insured in a dispute with his insurance company
arising under the no-fault insurance act. *Held:*

The acts complained of by the plaintiffs are covered by the
provisions of § 2043 of the Uniform Trade Practices Act of the
Insurance Code. Thus, defendant's conduct as described by
plaintiffs would be subject to the Insurance Code of 1956. The
exemption language of § 4(1)(a) of the Michigan Consumer
Protection Act applies to the acts complained of, thus making
defendant not subject to the Michigan Consumer Protection
Act. The Michigan Consumer Protection Act (§ 4[2][a]) specifi-
cally provides that it does not apply to any unfair, unconsciona-
ble or deceptive method, act or practice which is made unlawful
by the Uniform Trade Practices Act of the Insurance Code.
Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM
   — COURT RULES.
   A motion for summary judgment based upon the failure to state

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Pleading § 230 *et seq.*
   Right to voluntary dismissal of civil action as affected by opponent's
   motion for summary judgment, judgment on the pleadings, or
   directed verdict. 36 ALR3d 1113.
[2, 3] Am Jur 2d, Monopolies, Restraints of Trade and Unfair Trade
   Practices § 481 *et seq.*
   Practices forbidden by state deceptive trade practice and consumer
   protection acts. 89 ALR3d 449.

a claim upon which relief may be granted challenges the legal sufficiency of the plaintiff's claim only; the motion is tested by the pleadings alone and tests the legal basis of the complaint, not whether it can be factually supported; the factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged; the motion should be denied unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover (GCR 1963, 117.2[1]).

2. CONSUMER PROTECTION — MICHIGAN CONSUMER PROTECTION ACT — INSURANCE CODE — UNIFORM TRADE PRACTICES ACT.

The Michigan Consumer Protection Act does not apply to a transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States; the act specifically exempts from its application transactions between an insurance company and its insured which are covered under the Uniform Trade Practices Act of the Insurance Code (MCL 445.904, 500.2001 *et seq.;* MSA 19.418[4], 24.12001 *et seq.).*

3. INSURANCE — UNIFORM TRADE PRACTICES ACT.

The Uniform Trade Practices Act of the Insurance Code authorizes the Commissioner of Insurance to stop any unfair method of competition or practice which may be otherwise undefined; the commissioner may prevent, in the interest of the public, any unfair or deceptive trade practice (MCL 500.2043; MSA 24.12043).

*Sperry & Dinse, P.C.* (by *Michael J. Matuzak),* for plaintiffs.

*Collison, Chasnis & Dogger, P.C.* (by *David G. Dogger),* for defendant.

Before: ALLEN, P.J., and GRIBBS and T. GILLESPIE,* JJ.

PER CURIAM. Plaintiffs claim an appeal from a circuit court order granting the motion of defendant, Allstate Insurance Company, for summary judgment pursuant to GCR 1963, 117.2(1) and

* Circuit judge, sitting on the Court of Appeals by assignment.

dismissing plaintiffs' complaint for failure to state a claim upon which relief may be granted. The trial court's granting of the motion for summary judgment is affirmed.

The standard governing this Court's review is stated in *Reed v St Clair Rubber Co*, 118 Mich App 1, 5; 324 NW2d 512 (1982):

"A motion brought pursuant to GCR 1963, 117.2(1) challenges the legal sufficiency of plaintiff's claim only. In *Partrich v Muscat*, 84 Mich App 724, 729-730; 270 NW2d 506 (1978), this Court detailed the applicable rules for passing on a motion seeking summary judgment pursuant to GCR 1963, 117.2(1):

" 'The standard governing this Court's review of a grant or denial of a motion for summary judgment based on GCR 1963, 117.2(1) is well settled. The motion is to be tested by the pleadings alone. *Todd v Biglow*, 51 Mich App 346; 214 NW2d 733 (1974), *lv den* 391 Mich 816 (1974). The motion tests the legal basis of the complaint, not whether it can be factually supported. *Borman's Inc v Lake State Development Co*, 60 Mich App 175; 230 NW2d 363 (1975). The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion under this subrule should be denied. *Crowther v Ross Chemical & Manufacturing Co*, 42 Mich App 426; 202 NW2d 577 (1972).' " *Feaster v Hous*, 137 Mich App 783, 786-787; 359 NW2d 219 (1984).

Plaintiffs' appeal presents a question of first impression. Stated simply: Are the provisions of the Michigan Consumer Protection Act, MCL 445.901 *et seq.*; MSA 19.418(1) *et seq.*, available to an insured in a dispute with his insurance company arising under a no-fault insurance contract? On first blush, plaintiffs' arguments are persuasive. The Michigan Consumer Protection Act sanc-

tions certain unfair, unconscionable or deceptive methods, acts or practices in the conduct of trade or commerce which are specifically set out in § 3 of the act, MCL 445.903; MSA 19.418(3). A broad reading of the 29 specific acts which are defined as unlawful could certainly be construed to include the allegation of plaintiffs' complaint arising out of their no-fault insurance contract with defendant. Additionally, "trade or commerce" is defined by the act as follows:

"(d) 'Trade or commerce' means the conduct of a business providing goods, property, or service primarily for personal, family, or household purposes and includes the advertising, solicitation, offering for sale or rent, sale, lease, or distribution of a service or property, tangible or intangible, real, personal, or mixed, or any other article, or a business opportunity. 'Trade or commerce' does not include the purchase or sale of a franchise, but does include pyramid and chain promotions, as 'franchise', 'pyramid', and 'chain promotions' are defined in Act No. 269 of the Public Acts of 1974, being sections 445.1501 to 445.1545 of the Michigan Compiled Laws." MCL 445.902, MSA 19.418(2).

A fair reading of that section could lead to the conclusion that the sale and servicing of an insurance contract comes within the meaning of "trade or commerce" as defined in the Michigan Consumer Protection Act.

The difficulty in plaintiffs' argument arises under the exemption provisions of the Michigan Consumer Protection Act which are set out in pertinent part as follows:

"Sec. 4. (1) This act shall not apply to:

"(a) A transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States.

* * *

"(2) Except for the purposes of an action filed by a person under section 11, this act shall not apply to an unfair, unconscionable, or deceptive method, act, or practice which is made unlawful by:

"(a) Chapter 20 of Act No. 218 of the Public Acts of 1956, as amended, being sections 500.2001 to 500.2093 of the Michigan Compiled Laws." MCL 445.904; MSA 19.418(4).

We first look to the exemption language of § 4(1)(a) to determine if plaintiffs' complaint speaks to a transaction or conduct which would be the subject of regulatory control "under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States". MCL 445.904(1)(a); MSA 19.418(4)(1)(a).

Plaintiffs cite *Attorney General v Diamond Mortgage Co,* 414 Mich 603; 327 NW2d 805 (1982), in support of their proposition that the defendant in this case is not exempt from the Michigan Consumer Protection Act under § 4(1)(a). In that case, the Supreme Court interpreted the exemption language of § 4(1)(a) where the defendant claimed an exemption from the Michigan Consumer Protection Act because of its real estate broker's license. The defendant in *Diamond* served as a mortgage broker and the specific conduct complained of in that case involved alleged violations of the state usury statutes in that defendant advertised the availability of residential mortgages at an interest rate of 11% per annum while also charging a brokerage fee at the time of closing. In that case, the Court rejected defendant's argument that it was exempt from the Michigan Consumer Protection Act and stated its rationale at page 617:

"We agree with the plaintiff that Diamond's real estate broker's license does not exempt it from the

Michigan Consumer Protection Act. While the license generally authorizes Diamond to engage in the activities of a real estate broker, it does not specifically authorize the conduct that plaintiff alleges is violative of the Michigan Consumer Protection Act, nor transactions that result from that conduct. In so concluding, we disagree that the exemption of § 4(1) becomes meaningless. While defendants are correct in stating that no statute or regulatory agency specifically authorizes misrepresentations or false promises, the exemption will nevertheless apply where a party seeks to attach such labels to '[a] transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States'. For this case, we need only decide that a real estate broker's license is not specific authority for all the conduct and transactions of the licensee's business."

*Diamond* is distinguishable from the case at bar. The activities of the defendant in *Diamond* which the plaintiffs there were complaining of were not subject to any regulation under the real estate broker's license of the defendant and thus such conduct was not reviewable by the applicable licensing or regulatory authority. That is not true in this case. Allstate Insurance Company is subject to all of the provisions of the Insurance Code of 1956 including the Uniform Trade Practices Act of the Insurance Code. MCL 500.2001 *et seq.;* MSA 24.12001 *et seq.* The insurance industry is under the authority of the State Commissioner of Insurance and subject to the extensive statutory and regulatory scheme, all administered "by a regulatory board or officer acting under statutory authority of this state". In addition, the conduct complained of by the plaintiffs in this case is subject to the regulation and scrutiny of the applicable licensing or regulatory authority.

Plaintiffs next argue that the defendant is sub-

ject to the Michigan Consumer Protection Act because of the fact that the Uniform Trade Practices Act of the Insurance Code of 1956 is not an exclusive remedy. That act provides as follows:

"Sec. 2049. No order of the commissioner under this uniform trade practices act or order of a court to enforce the same shall in any way relieve or absolve any person affected by such order from any liability under any other laws of this state." MCL 500.2049; MSA 24.12049.

"Sec. 2050. The enumeration in this uniform trade practices act of powers vested in the commissioner or of specific unfair methods of competition and unfair or deceptive acts and practices in the business of insurance is not exclusive or restrictive or intended to limit the powers of the commissioner or any court of review but the provisions of such act are in all respects cumulative of and supplemental to the insurance code and all other applicable Michigan statutes or common law." MCL 500.2050; MSA 24.12050.

The key to analysis of plaintiffs' argument lies in the language of § 2050 and specifically whether or not the Michigan Consumer Protection Act is an applicable Michigan statute.

As indicated above, the Michigan Consumer Protection Act specifically exempts transactions between an insurance company and its insured which are covered under the Uniform Trade Practices Act of the Insurance Code. In this regard, we must again look to the additional exemption provisions of the Michigan Consumer Protection Act and specifically § 4(2)(a) wherein the Legislature has specifically provided that the Michigan Consumer Protection Act does not apply to any unfair, unconscionable, or deceptive method, act or practice which is made unlawful by the Uniform Trade Practices Act of the Insurance Code. Plaintiffs argue that the conduct of the defendant in this

case is not subject to the Uniform Trade Practices Act and therefore the exemption does not apply. Sections 2005 through 2025 of the Uniform Trade Practices Act set out in detail acts or practices in the conduct of the insurance business which are made unlawful by the act. In addition, § 2043 provides in part, as follows:

"Sec. 2043. (1) Whenever the commissioner has probable cause to believe that any person engaged in the business of insurance is engaging in this state in any method of competition or in any act or practice in the conduct of such business which is not defined in sections 2005 through 2025, that such method of competition is unfair or that such act or practice is unfair or deceptive and that a proceeding by him in respect thereto would be in the interest of the public, the commissioner may issue and serve upon such person a statement of the charges in that respect and a notice of a hearing thereon to be held at a time and place fixed in the notice, which shall not be less than 15 days after the date of the service thereof. Each such hearing shall be conducted in the same manner as the hearings provided for in section 2029. The commissioner shall, after such hearing, state in writing his findings of fact, his decision, and his order if any; and he shall serve a copy thereof upon all parties of record to the proceeding." MCL 500.2043; MSA 24.12043.

Section 2043 of the Uniform Trade Practices Act specifically authorizes the Commissioner of Insurance to stop any unfair method of competition or practice which may be otherwise undefined. The provision which is broad in scope allows the Commissioner of Insurance to prevent, in the interest of the public, any unfair or deceptive trade practice. The actions complained of by the plaintiffs could arguably fit factually into a number of the itemized acts or practices which are made unlawful. There can be no argument, however, that the

acts complained of by the plaintiffs are covered by the provisions of § 2043. Thus, defendant's conduct as described by plaintiffs would be subject to the Insurance Code of 1956 meeting the criteria of the exemption set out in § 4(2)(a) of the Michigan Consumer Protection Act.

For the reasons stated herein, the plaintiffs have failed to state a claim upon which relief can be granted and we conclude that no factual development can possibly justify a right to recovery under the Michigan Consumer Protection Act. The trial court's granting of the motion for summary judgment in favor of defendant was proper and the trial court is affirmed.

Affirmed.