PRICE v LONG REALTY, INC

Docket No. 120698. Submitted April 8, 1992, at Lansing. Decided February 10, 1993; approved for publication April 27, 1993, at 9:00 A.M.

Charles and Molly Price brought an action in the Ingham Circuit Court against Long Realty, Inc., and Norman Construction, Inc., alleging fraud relating to the plaintiffs' purchase of an undeveloped parcel of realty in Alaiedon Township, Ingham County, upon representations by the defendants, as agents of the plaintiffs, that the plaintiffs could build a house and a pole barn on the property on a certain portion of the lot and at a certain distance from an abutting road. The representations proved to be incorrect because the township refused to allow the proposed construction and the county health department advised that the proposed construction would lead to a problem with the septic system. The plaintiffs eventually built a house without a pole barn on a different part of the parcel. A judgment against Norman Construction was entered upon the parties' acceptance of a mediation evaluation in favor of the plaintiffs. The trial court, Jack W. Warren, J., granted summary disposition for Long Realty. The Court of Appeals, MICHAEL J. KELLY, P.J., and HOOD and E. F. OPPLIGER, JJ., in an unpublished opinion per curiam, decided December 3, 1987 (Docket No. 90586), reversed the grant of summary disposition and remanded for trial. A jury returned a verdict for, and awarded damages to, the plaintiffs, finding common-law fraud, malpractice, and violation of the Consumer Protection Act, MCL 445.901 et seq.; MSA 19.418(1) et seq. The court, Peter D. Houk, J., awarded the plaintiffs costs and attorney fees, and

REFERENCES

Am Jur 2d, Consumer and Borrower Protection § 285; Evidence §§ 632, 927; Fraud and Deceit §§ 12, 371.

Comment Note.—"Out of pocket" or "benefit of bargain" as proper rule of damages for fraudulent representations inducing contract for the transfer of property. 13 ALR3d 875.

Admissibility of records other than police reports, under Rule 803(6), Federal Rules of Evidence, providing for business records exception to hearsay rule. 61 ALR Fed 359.

denied Long Realty's motion for judgment notwithstanding the verdict or a new trial. Long Realty appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in disallowing evidence of Norman Construction's settlement offer to rescind the contract it had reached with the plaintiffs for the construction of their home. That evidence was inadmissible under MRE 408 because Norman Construction was a third party to the action by the time of the trial and, although it might have shown that the plaintiffs had an opportunity to mitigate their damages, they were under no duty to do so as victims of misrepresentation who could elect to affirm the contract and sue for damages, as they did, or rescind the contract.

2. By not citing any supporting authority, Long Realty failed to preserve for appellate review the claim that the trial court abused its discretion in refusing to admit evidence of the judgment against Norman Construction.

3. The trial court erred in admitting evidence of certain mortgage documents pursuant to the business records exception to the hearsay rule, MRE 803(6). A proper foundation had not been established because there was no testimony indicating that those documents were kept in the course of regularly conducted business activity. However, the error was harmless because information contained in two of the documents was introduced in other properly admitted testimony, the evidence was immaterial, and it did not confuse or influence the jury with respect to damages.

4. The trial court did not abuse its discretion in allowing a certain real estate broker to testify as an expert regarding real estate transactions.

5. The trial court did not abuse its discretion in prohibiting Long Realty's expert from testifying about the value of the plaintiffs' property. Long Realty offered the witness as an expert regarding realtors' standard of care, and it could not claim to have been surprised by the plaintiffs' claim that the property had suffered a loss in value inasmuch as such loss was alleged in the complaint.

6. The trial court did not abuse its discretion in allowing the plaintiffs to amend their complaint to include a claim of negligence by Long Realty's real estate agent.

7. The trial court correctly instructed the jury regarding common-law fraud.

8. The trial court did not err in allowing the plaintiffs to present evidence regarding the difference between the property's actual value and the value it would have had if the house

and a pole barn had been built as originally intended. Such difference is a proper measure of damages resulting from fraud with respect to the sale of realty.

9. There was sufficient evidence for the jury's finding of liability by Long Realty. The trial court did not err in denying Long Realty's motion for judgment notwithstanding the verdict or for a new trial.

Affirmed.

1. EVIDENCE — SETTLEMENT OFFERS.

Evidence that a party to an action has refused or accepted a settlement offer from a third party is not admissible to prove liability for, or the amount of, a claim (MRE 408).

2. EVIDENCE — HEARSAY — BUSINESS RECORDS.

A proper foundation for the admission of a business record under the business records exception to the rule against hearsay requires evidence that the record was prepared in the course of a regularly conducted business activity (MRE 803[6]).

3. FRAUD — COMMON LAW.

Fraud under the common law is established upon proof that a defendant made a material representation that was false, the defendant knew the representation to be false or made it recklessly without knowledge of its truth or falsity, the defendant intended the plaintiff to rely upon the representation, the plaintiff acted in reliance upon the representation, and the plaintiff suffered injury.

4. CONSUMER PROTECTION — REAL ESTATE AGENTS.

The Consumer Protection Act applies to a licensed real estate agent whose conduct violates the act and is not specifically authorized under the licensing act applicable to real estate agents (MCL 445.901 *et seq.*, 339.602; MSA 19.418(1) *et seq.*, 18.425[602]).

5. FRAUD — REAL PROPERTY — DAMAGES.

A purchaser of real property about which false representations have been made is entitled to damages equal to the difference between the actual value of the property at the time of the contract of sale and the value it would have had if the representations had been true.

*H. James Starr,* for the plaintiffs.

*Howard & Howard* (by *Patrick D. Hanes*), for the defendant.

Before: REILLY, P.J., and HOLBROOK, JR., and MARILYN KELLY, JJ.

PER CURIAM. Following a jury trial, defendant was found liable for common-law fraud, malpractice, and violation of the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq.*; MSA 19.418(1) *et seq.* Defendant appeals as of right the June 7, 1989, Ingham Circuit Court judgment ordering it to pay the plaintiffs $13,200 in damages and over $23,000 in costs and attorney fees. We affirm.

This case arose from the sale of residential property. In August 1983, defendant's real estate agent, Marie Bassila, sold the plaintiffs' home and then assisted them in locating a vacant parcel on which to build a new home with a pole barn. Plaintiffs, Bassila, and a representative of Norman Construction, Inc., visited a parcel in Alaiedon Township in Ingham County. During the visit, Bassila told Mr. Price that there would be no problem building a home in the narrow section of the parcel and putting a pole barn in the back. Plaintiffs then signed an offer to purchase the property upon Bassila's further assurance that she had prepared the offer to ensure that the property would include a pole barn. The plaintiffs accepted the owners' counteroffer. Norman Construction entered into a contract with the plaintiffs, agreeing to build them a house.

After finalizing the financing of the purchase, Mr. Price placed stakes on the property on February 26, 1984, to mark the proposed site of the house approximately 100 feet from the road. Norman Construction and a surveyor then convinced the plaintiffs that they had no choice but to locate the house 400 feet back from the road. In April 1984, the plaintiffs learned that the location of the

house had to be 586 feet back from the road and that it would not be possible to put a pole barn behind the house.

Upon investigation, the plaintiffs discovered that the township clerk had written a letter dated October 5, 1983, to the Ingham County Health Department stating that the township would not permit a house to be built on the narrow front part of the lot. The Ingham County Health Department had also sent a letter dated August 19, 1983, to the seller's real estate broker that stated that putting a house on the front part of the property would have created a serious problem because of the installation of the septic system. Although Norman Construction learned about the problem when it sought a health permit, Bassila never made inquiries into the matter.

Notwithstanding the health restriction on building on the front part of the property, the plaintiffs decided to proceed with the real estate purchase because they were afraid of losing a considerable amount of money on property they otherwise liked. The house was ultimately built nearly 600 feet back from the road and without a pole barn.

In September 1984, the plaintiffs filed suit for damages against Norman Construction and Long Realty, Inc. A judgment against Norman Construction was entered upon the parties' acceptance of a mediation evaluation in favor of the plaintiffs. In the plaintiffs' case against Long Realty, this Court, in an unpublished opinion per curiam, decided December 3, 1987 (Docket No. 90586), reversed the trial court's order granting summary disposition for the defendant and remanded the case for a trial on the merits. After the jury rendered its verdict, the trial court denied the defendant's motion for judgment notwithstanding the verdict or for a new trial.

On appeal, the defendant raises several evidentiary issues. The decision whether to admit evidence rests within the sound discretion of the trial court and will not be set aside on appeal absent an abuse of discretion. *Rodriguez v Solar of Michigan, Inc,* 191 Mich App 483, 487; 478 NW2d 914 (1991).

Defendant first argues that the trial court erred in granting the plaintiffs' motion to preclude the defendant from presenting evidence of Norman Construction's settlement offer to the plaintiffs to rescind their contract. Defendant claims that the evidence is not barred by MRE 408 because it establishes that the plaintiffs had at least one opportunity to mitigate their damages by forgoing the construction of their house.

Under MRE 408, evidence of an offer to compromise a claim is inadmissible to prove liability for or the invalidity of the claim, but the rule does not require the exclusion of evidence when offered for another purpose, such as proving bias or prejudice of a witness, contesting a contention of undue delay, or proving an effort to obstruct a criminal investigation. Here, Norman Construction's offer to rescind its contract with the plaintiffs was properly excluded at trial because it constituted evidence of settlement negotiations with a third party. *Windemuller Electric Co v Blodgett Memorial Medical Center,* 130 Mich App 17, 23; 343 NW2d 223 (1983). The failure to mitigate damages might arguably constitute a proper purpose for admitting evidence of settlement negotiations under MRE 408, but the issue is irrelevant in this case because the plaintiffs did not have the duty to mitigate their damages by accepting the offer to rescind. As the victims of misrepresentation, the plaintiffs could elect to either affirm the contract and sue for damages or rescind the contract. 37 Am Jur 2d, Fraud and Deceit, § 327, p 432; § 329, p

436. The trial court did not abuse its discretion in excluding the evidence of the settlement offer.

As its second evidentiary issue, the defendant argues that the trial court erred in not allowing evidence of the judgment against Norman Construction. Defendant claims that the judgment would have assisted the jury in understanding Norman Construction's liability for misrepresentation. However, we consider the issue unpreserved for review because the defendant has failed to provide supporting authority for its argument. *Goolsby v Detroit,* 419 Mich 651, 655, n 1; 358 NW2d 856 (1984); *Mann v Mann,* 190 Mich App 526, 536-537; 476 NW2d 439 (1991). Further, we agree with the trial court that the jury should not be informed of the judgment because there is no genuine dispute regarding the plaintiffs' judgment against Norman Construction. *Brewer v Payless Stations, Inc,* 412 Mich 673, 679; 316 NW2d 702 (1982).

Defendant's third evidentiary issue is that the trial court abused its discretion in determining that a sufficient foundation had been laid for the admission of mortgage documents. Defendant argues that the documents were not admissible as business records under MRE 803(6) because the plaintiffs failed to show that the documents were records kept in the course of a regularly conducted business activity. Without explanation, the trial court received the documents into evidence.

The business records exception to the hearsay rule provides that reports or records kept in the course of a regularly conducted business activity are not to be excluded as hearsay unless the source of information or method or circumstances of preparation indicate a lack of trustworthiness. MRE 803(6); *Solomon v Shuell,* 435 Mich 104, 115; 457 NW2d 669 (1990). Our review of the record in

the present case reveals that the plaintiffs failed to lay an adequate foundation for admission under MRE 803(6) because there was no testimony that the records were prepared in the course of a regularly conducted business activity. Compare *People v Safiedine,* 163 Mich App 25, 33; 414 NW2d 143 (1987). However, we also determine that admitting these documents into evidence under MRE 803(6) was harmless error. First, Mr. Price testified independently about the information contained in two of the documents. Second, because the plaintiffs were not required to attempt to rescind the transaction, we disagree with the defendant's argument that this evidence was important because it showed that the plaintiffs could not back out of the transaction. Third, the documents did not confuse or influence the jury's determination of damages. Consequently, the trial court's decision to admit this evidence without ascertaining whether the documents kept in the course of a regularly conducted business activity is not by itself sufficient ground to set aside the verdict. MCR 2.613(A).

As its next evidentiary issue, the defendant argues that William Hersey was not qualified to testify as an expert in real estate transactions. The qualification of a witness as an expert is within the trial court's discretion and will not be set aside absent an abuse thereof. *Mulholland v DEC Int'l Corp,* 432 Mich 395, 402; 443 NW2d 340 (1989). A witness may be qualified as an expert by knowledge, skill, experience, training, or education. MRE 702. Mr. Hersey testified that he was a licensed real estate broker in Michigan, with twenty years of experience in the business. The trial court did not abuse its discretion by qualifying him as an expert witness.

As its final evidentiary issue, the defendant

contends that the trial court erred in prohibiting its witness from testifying about the value of the plaintiffs' property. Again, the defendant cites no supporting authority for this claim of error. The record indicates that the defendant revealed in its answers to the plaintiffs' interrogatories that Dennis Goff would be offered as an expert to testify about the standard of care of realtors, but did not disclose that he would testify about the value of the plaintiffs' real estate. See MCR 2.302(E)(1)(a)(ii). Defendant's contention that Goff should have been allowed to testify as an expert regarding this matter because it was surprised by the plaintiffs' claim of loss in the value of their property is without merit because the plaintiffs' complaint alleged this damage. The trial court did not abuse its discretion in prohibiting the defendant's expert from testifying about the value of the plaintiffs' property. MCR 2.401(I)(2); *Pollum v Borman's, Inc,* 149 Mich App 57, 61; 385 NW2d 724 (1986).

Turning to the defendant's remaining issues on appeal, we next consider whether the trial court erred in allowing the plaintiffs to amend their complaint. On the first day of trial, the court allowed the plaintiffs to amend their complaint to include in their negligence claim Bassila's failure to make the location of the house on the property a contingency of the offer to purchase.

Leave to amend a complaint should be freely given when justice so requires, and denied only for particularized reasons. MCR 2.118(A)(2); *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656; 213 NW2d 134 (1973). Absent an abuse of discretion that results in injustice, this Court will not reverse a trial court's decision on a motion to amend a complaint. *Taylor v Detroit,* 182 Mich App 583, 586; 452 NW2d 826 (1989). In the instant case, the defendant was not prejudiced when the trial court

allowed the plaintiffs to amend their complaint because two of the plaintiffs' expert witnesses had given deposition testimony indicating that Bassila should have made the offer to purchase contingent upon the location of the house on the property. Moreover, no prejudice resulted from the court's action because the defendant called four experts who testified about this issue. Thus, the trial court did not abuse its discretion in allowing the plaintiffs to amend their complaint.

Next, the defendant argues that the plaintiffs' amended complaint alleges the elements of common-law misrepresentation, but the trial court erroneously instructed the jury on innocent misrepresentation. However, we find that the trial court properly instructed the jury on common-law fraud when it stated that the plaintiffs must prove that the defendant made a material misrepresentation, that the misrepresentation was false, that the defendant knew it was false or made it recklessly without any knowledge of its truth, that the defendant made it with the intention that it would be acted upon by the plaintiffs, that the plaintiffs acted in reliance upon it, and that the plaintiffs thereby suffered injury. See *United States Fidelity & Guaranty Co v Black,* 412 Mich 99; 313 NW2d 77 (1981); *McMullen v Joldersma,* 174 Mich App 207, 213; 435 NW2d 428 (1988).

Defendant also contends that the MCPA is inapplicable because the listing and sale of property is directly regulated by the occupational code governing real estate brokers. The trial court denied the defendant's motion for a directed verdict on this claim.

The purpose of the MCPA is to prohibit certain practices in trade or commerce, and to provide for certain remedies. Trade or commerce includes the sale of real property under the act. MCL

445.902(d); MSA 19.418(2)(d), *Marina Bay Condominiums, Inc v Schlegel,* 167 Mich App 602, 607-608; 423 NW2d 284 (1988). MCL 445.903(1); MSA 19.418(3)(1) provides that deceptive methods or practices in the conduct of trade or commerce are unlawful. The MCPA does not apply to a transaction or conduct specifically authorized under laws administered by a regulatory board or officer. MCL 445.904(1)(a); MSA 19.418(4)(1)(a). Because the MCPA is a remedial statute designed to prohibit unfair practices in trade or commerce, it must be liberally construed to achieve its intended goals. *Rancour v Detroit Edison Co,* 150 Mich App 276, 285; 388 NW2d 336 (1986).

In *Attorney General v Diamond Mortgage Co,* 414 Mich 603, 617; 327 NW2d 805 (1982), our Supreme Court held that licensed real estate brokers were not exempt from liability under the MCPA where the alleged conduct was not specifically authorized by the license. In *Kekel v Allstate Ins Co,* 144 Mich App 379, 384; 375 NW2d 455 (1985), this Court, drawing distinctions between *Kekel* and *Diamond,* found that the MCPA was inapplicable to a dispute between an insured and his insurer concerning a no-fault insurance contract because the insurer's alleged conduct was subject to regulation under the license.

Unlike *Kekel,* we find that the decision in *Diamond* is indistinguishable from the present case. Although real estate licensees who perpetrate fraud are subject to penalties prescribed in MCL 339.602; MSA 18.425(602), the defendant's license "does not specifically authorize the conduct that plaintiff alleges is violative of the Michigan Consumer Protection Act." Liberally construing the language of the act, we find that the defendant's conduct was not exempt from the MCPA.

Defendant further claims that the plaintiffs

failed to seek damages representing the difference between the actual value of the land at the time of the contract and the value it would have possessed had the representations been true. See *Fagerberg v LeBlanc,* 164 Mich App 349, 356; 416 NW2d 438 (1987). Defendant maintains that the trial court erred in allowing the plaintiffs to testify about the additional money spent for a longer driveway and natural-gas installation. However, the plaintiffs were entitled to recover any consequential damages that were the legal and natural result of the defendant's wrongful act and were reasonably anticipated. *Id.,* pp 356-357. Moreover, the trial court did not err in allowing Mr. Price to testify about the home's loss in value as a result of having to build it at the back of the property and without the pole barn. *Grand Rapids v H R Terryberry Co,* 122 Mich 750, 755-756; 333 NW2d 123 (1983).

Defendant's next issue is whether there was sufficient evidence for the jury to determine that the defendant committed misrepresentation, malpractice, or violated the MCPA. When reviewing a claim based on sufficiency of the evidence in a civil action, this Court examines the evidence in a light most favorable to the plaintiff, giving the plaintiff the benefit of every reasonable inference that can be drawn from the evidence. *Boggerty v Wilson,* 160 Mich App 514, 522; 408 NW2d 809 (1987). If reasonable jurors could differ, then the question is one for the jury. *Id.* However, in raising this issue, the defendant in this case only contends that the trial court applied the wrong rule regarding damages and that Mr. Price was not competent to testify about the value of his property. We have resolved these issues in favor of the plaintiffs. Moreover, our review of the record indicates that reasonable jurors could differ with regard to each of the claims of liability.

Similarly, the trial court did not err in denying the defendant's motion for judgment notwithstanding the verdict or, in the alternative, a new trial. Giving the plaintiffs the benefit of every reasonable inference that can be drawn from the evidence, reasonable minds could differ regarding whether they demonstrated that the defendant's agent made fraudulent representations concerning the location of the house and the pole barn. *Byrne v Schneider's Iron & Metal, Inc*, 190 Mich App 176, 178-179; 475 NW2d 854 (1991). Further, the trial court did not abuse its discretion in denying the motion for a new trial because the jury's verdict was not against the overwhelming weight of the evidence. *Lester N Turner, PC v Eyde*, 182 Mich App 396, 398; 451 NW2d 644 (1990).

Affirmed.