PEOPLE v BASINGER

Docket No. 137819. Submitted January 6, 1994, at Lansing. Decided
February 8, 1994, at 10:00 A.M.

Hobart Basinger, Jr., was convicted by a jury in the Ingham
Circuit Court, Michael G. Harrison, J., of two counts of second-
degree criminal sexual conduct and one count of first-degree
criminal sexual conduct. The court then granted the defen-
dant's motion to dismiss the two counts charging second-degree
criminal sexual conduct, on the ground that the statute of
limitations as construed in *People v Russo,* 185 Mich App 422
(1990), barred prosecution of these counts. The court then
denied the defendant's motion for a new trial with regard to
the count charging first-degree criminal sexual conduct. The
court sentenced the defendant to twenty to thirty years in
prison for the first-degree criminal sexual conduct conviction.
The defendant appealed.

The Court of Appeals *held:*

1. The defendant's trial counsel was not ineffective in failing
to raise in a pretrial motion the issue whether *Russo,* decided
on September 11, 1990, barred the defendant's trial on the
charges of second-degree criminal sexual conduct. The trial
commenced on October 5, 1990.

2. The trial court abused its discretion in denying the motion
for a new trial with regard to the count charging first-degree
criminal sexual conduct. Because the defendant was charged
with three separate acts of sexual abuse, evidence regarding
each separate incident was presented to the jury. Had the
defendant only been charged with the one incident not barred
by *Russo,* the evidence regarding the two previous uncharged
incidents would have been admissible as other acts evidence
only if the standard announced in *People v VanderVliet,* 444
Mich 52 (1993), was satisfied, and the trial court then would
have had to give a limiting instruction upon request. Assuming

REFERENCES

Am Jur 2d, Federal Rules of Evidence §§ 106-124.
Admissibility, under Rule 404 (b) of Federal Rules of Evidence, of
evidence of other crimes, wrongs, or acts not similar to offense
charged. 41 ALR Fed 497.

that the evidence was admissible under MRE 404(b), the absence of an opportunity to request a limiting instruction denied the defendant a fair trial.

Reversed and remanded for a new trial.

1. EVIDENCE — OTHER ACTS — ADMISSIBILITY.

Other acts evidence may be admitted if it is offered for a proper purpose under MRE 404(b), it is relevant under MRE 402 as enforced through MRE 104(b), and its probative value is not substantially outweighed by unfair prejudice; upon request, a trial court may provide a limiting instruction.

2. EVIDENCE — LIMITING INSTRUCTIONS.

A trial court, upon request, must give a limiting instruction where evidence that is admissible for one purpose, but not others, is admitted at trial (MRE 105).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, *Samuel R. Smith,* Chief Appellate Attorney, and *Guy L. Sweet,* Assistant Prosecuting Attorney, for the people.

*Stiles & Associates* (by *Charles R. Stiles*), for the defendant on appeal.

Before: FITZGERALD, P.J., and TAYLOR and D. E. SHELTON,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of two counts of second-degree criminal sexual conduct, MCL 750.520c; MSA 28.788(3) (counts I and II), and one count of first-degree criminal sexual conduct, MCL 750.520b(1)(b); MSA 28.788(2)(1)(b)(count III). Defendant subsequently filed a motion to dismiss counts I and II and for a new trial on count III. The trial court granted defendant's motion to dismiss counts I and II on the ground that the statute of limitations as construed in *People v Russo,* 185 Mich App 422; 463

---

* Circuit judge, sitting on the Court of Appeals by assignment.

NW2d 138 (1990), aff'd in part and rev'd in part 439 Mich 584; 487 NW2d 698 (1992), barred prosecution of these counts. The court denied defendant's motion for a new trial on count III. Defendant was subsequently sentenced to a prison term of twenty to thirty years for the first-degree CSC conviction. Defendant appeals as of right.

This case involves allegations of sexual abuse that occurred in 1979 and 1980 (counts I and II), and 1983 and 1984 (count III). Defendant first argues that his trial counsel was ineffective for failing to bring a pretrial motion to dismiss counts I and II under *Russo, supra,* which was decided three weeks before trial in this matter. Defendant contends that as a result of counsel's failure, inadmissible and prejudicial similar acts evidence was presented to the jury. Defendant also contends that, because this evidence was presented to the jury, the trial court should have granted his motion for a new trial. Although we do not find that counsel was ineffective in failing to raise the issue in a pretrial motion,[1] we conclude that the trial court erred in denying defendant's motion for a new trial.

At the commencement of trial in this case, the parties, as well as the trial court, were apparently unaware of this Court's decision in *Russo, supra.* Consequently, because defendant was charged with three separate acts of sexual abuse, evidence regarding each separate incident was presented to the jury. Had defendant only been charged with the one incident not barred by *Russo,* evidence regarding the two previous uncharged incidents would have been admissible as other acts evidence if the standard announced in *People v Vander-Vliet,* 444 Mich 52, 55; 508 NW2d 114 (1993), was

---

[1] The opinion in *Russo* was released on September 11, 1990. Defendant's trial commenced on October 5, 1990.

satisfied. Under that standard, the evidence must be offered for a proper purpose under MRE 404(b); it must be relevant under MRE 402 as enforced through MRE 104(b); the probative value of the evidence must not be substantially outweighed by unfair prejudice; and the trial court may, upon request, provide a limiting instruction to the jury.

If evidence is admissible for one purpose, but not others, the trial court must give a limiting instruction upon request. MRE 105; *People v Wackerle,* 156 Mich App 717, 723; 402 NW2d 81 (1986). In this case, because of the posture of defendant's trial, defense counsel did not have a reason to request a limiting instruction. Assuming, without deciding, that the evidence was admissible under MRE 404(b), we find that the absence of an opportunity to request a limiting instruction denied defendant a fair trial. Hence, the trial court abused its discretion in denying defendant's motion for a new trial. *People v Jehnsen,* 183 Mich App 305, 311; 454 NW2d 250 (1990).

In light of our conclusion that defendant is entitled to a new trial, we need not address the remainder of defendant's issues.

Reversed and remanded for a new trial.