PEOPLE v STARR

Docket No. 180089. Submitted November 14, 1995, at Grand Rapids. Decided July 23, 1996, at 9:10 A.M. Leave to appeal sought.

Malcolm R. Starr was convicted by a jury in the Washtenaw Circuit Court, William F. Ager, Jr., J., of two counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. He was sentenced to concurrent sentences of fifteen to thirty-five years for each conviction of first-degree criminal sexual conduct and ten to fifteen years for the conviction of second-degree criminal sexual conduct. He appealed, alleging, in part, that the trial court erred in allowing his half sister to testify regarding uncharged prior criminal sexual conducted the defendant perpetrated on her involving acts similar to those charged in this prosecution.

The Court of Appeals *held*:

The allegations of similar acts were so horrendously prejudicial as to require their suppression as being more prejudicial than probative. The trial court abused its discretion in permitting the testimony.

Reversed.

MARKEY, J., dissenting, stated that the trial court did not abuse its discretion in admitting the disputed testimony. The testimony did not violate MRE 404(b) because it was relevant; it was not offered solely to show the defendant's criminal propensity or to establish that he acted in conformity with that propensity; it was offered to show scheme, plan, or system in doing an act as well as absence of mistake or accident; and in light of the limiting instruction that the court presented to the jury, the danger of unfair prejudice did not substantially outweigh the probative value of the testimony. The admission of the disputed testimony was not substantially outweighed by a potential for unfair prejudice.

EVIDENCE — OTHER ACTS.

Other acts evidence that is so inflammatory and so prejudicial that its probative value is clearly outweighed should not be admitted under MRE 404(b).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Brian L. Mackie,* Prosecuting Attorney, and *David A. King,* Senior Assistant Prosecuting Attorney, for the people.

*Daniel J. Rust,* for the defendant.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and MARKEY, JJ.

MICHAEL J. KELLY, J. Defendant was convicted by a jury of two counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and one count of second-degree criminal sexual conduct, MCL 750.520c; MSA 28.788(3). Defendant received concurrent sentences of fifteen to thirty-five years for each conviction of first-degree criminal sexual conduct and ten to fifteen years for the conviction of second-degree criminal sexual conduct. Defendant appeals as of right and we reverse.

The prosecution made a pretrial motion to admit testimony by defendant's half sister regarding uncharged prior criminal sexual conduct perpetrated upon her involving acts similar to those charged in this prosecution. The victim here was defendant's stepdaughter, nine years old at trial, and less than seven when the sexual abuse took place. The accusations were not made until two years after the events. The motion revealed that the half sister would testify about innumerable sexual acts including "rape" having been inflicted upon her by defendant over a period when she was age four to age thirteen (according to defendant-appellant's brief), or when she was age three to adult (according to the prosecutor's brief). We conclude that these allegations of similar acts were so horrendously prejudicial as to require

their suppression as being more prejudicial than probative. This was not a skunk in the jury box. It was a pig farm. No trier of fact could have been unswayed by the depiction of this depravity in assessing discrete claims of the "bad man's" guilt. We decry permitting the effect of this testimony under any rubric, including an instruction by the court that the prior acts were introduced in accordance with MRE 404(b)(1) for purposes of establishing a scheme or plan, or absence of accident or mistake.

Due process is the constitutional guarantee of federal and state government that crimes charged against the most hateful among us are entitled to be indicted, examined, and proved beyond a reasonable doubt. Otherwise we have given in to prosecutorial tyranny. The effect here was to try the defendant for uncharged criminal acts of monstrous repugnance without the bother of due process. The trial court abused its discretion in permitting the testimony. *People v VanderVliet*, 444 Mich 52; 508 NW2d 114 (1993). The prosecution's argument that because of defendant's general denial all elements of the offenses were at issue is correct under *VanderVliet*, but the situation surrounding the alleged contacts was so inflammatory and so prejudicial that the probative value was clearly outweighed.

Reversed.

DOCTOROFF, C.J., concurred.

MARKEY, J. (*dissenting*). I respectfully, but strongly, dissent. Following a jury trial, defendant was found guilty of two counts of first-degree criminal sexual conduct, MCL 500.520b; MSA 28.788(2), and one count of second-degree criminal sexual conduct, MCL

750.520c; MSA 28.788(3), for engaging in fellatio, cunnilingus, and other acts of sexual contact with his seven-year-old stepdaughter. Defendant received concurrent sentences of fifteen to thirty-five years' imprisonment for each conviction of first-degree criminal sexual conduct and ten to fifteen years' imprisonment for the conviction of second-degree criminal sexual conduct. Defendant appeals as of right from his convictions, asserting that the trial court erred in admitting into evidence testimony regarding defendant's prior bad acts and that the trial court's refusal to adjourn his sentencing in light of his change of legal counsel denied defendant effective assistance of counsel. I would affirm.

The decision to admit evidence is within the trial court's discretion and will not be disturbed on appeal absent an abuse of discretion. *Price v Long Realty, Inc*, 199 Mich App 461, 466; 502 NW2d 337 (1993). This Court will find an abuse of discretion in an evidentiary matter where the court's ruling has no basis in law or fact. *Green v Jerome-Duncan Ford, Inc*, 195 Mich App 493, 498; 491 NW2d 243 (1992). When determining the admissibility of similar acts evidence under MRE 404(b),[1] our Supreme Court has stated that " '[l]ogical relevance is the "touchstone" of the admissability of uncharged misconduct evidence.' "

---

[1] MRE 404(b)(1) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

*People v VanderVliet*, 444 Mich 52, 61; 508 NW2d 114 (1993), quoting Imwinkelried, Uncharged Misconduct Evidence, § 2:17, pp 45-46. In *VanderVliet*, our Supreme Court set forth a new four-pronged analysis applicable to requests for the admission of similar acts evidence: (1) the evidence must be relevant to an issue other than propensity under MRE 404(b) to protect against the introduction of extrinsic act evidence for the sole purpose of proving character; (2) the evidence must be relevant under MRE 402, as enforced through MRE 104(b), to an issue or fact of consequence; (3) the trial court should conduct the balancing test of MRE 403, i.e., whether the danger of undue prejudice substantially outweighs the probative value of the evidence; and (4) the trial court shall, upon request, instruct the jury that similar acts evidence is to be considered only for the proper purpose underlying its admission pursuant to MRE 105. *VanderVliet* at 74-75; *People v Basinger*, 203 Mich App 603, 606; 513 NW2d 828 (1994).

In the case at bar, the prosecution made a pretrial motion to admit testimony by defendant's half sister regarding uncharged prior sexual contact, including intercourse, that defendant had with her from the time that she was four and defendant was twelve until she was a teenager. The prosecution argued that because defendant's general denial placed all elements of the offenses at issue, *VanderVliet, supra* at 78, the proposed testimony was admissible to show defendant had a plan, scheme, or method of sexually abusing young females in his family who lived with him and for whom he was an authority figure. Such a plan or scheme evidences that this is similar conduct and is not so general as to suggest a propensity to

sexually assault children. Despite defense counsel's assertion that the situations surrounding the alleged sexual contacts were not analogous and the prejudicial value was extremely high, the trial court admitted the testimony into evidence. In reaching this decision, the court considered whether the similar acts testimony would be logically relevant, whether it was admissible, and whether the danger of unfair prejudice outweighed its probative value; the court also suggested that counsel request a limiting instruction under MRE 105. The court found that the proposed similar acts testimony fell within the guidelines set forth in *VanderVliet* because it would not be introduced to show that defendant had a propensity to commit a crime or that he had a good or bad character.

In light of our Supreme Court's findings in *VanderVliet, supra,* including its recognition that MRE 404(b) is a rule of inclusion rather than exclusion, I find that the half sister's testimony did not violate MRE 404(b) because (1) it was relevant, (2) it was not offered solely to show defendant's criminal propensity or to establish that he acted in conformity with that propensity, (3) it was offered to show scheme, plan, or system in doing an act as well as absence of mistake or accident, and (4) in light of the limiting instruction that the court presented to the jury, the danger of undue prejudice did not substantially outweigh the testimony's probative value. *VanderVliet* at 74-75. Accordingly, the trial court did not abuse its discretion in permitting defendant's half sister to testify at the jury trial. *Price, supra.*

By reversing defendant's convictions, the majority, though ostensibly utilizing *VanderVliet,* in reality

ignores it. The testimony in *VanderVliet* was not only comparable to the disputed testimony in the instant case but also was from multiple witnesses. *Vander-Vliet*, too, involved testimony, arguably even less similar to the charged offense than that at issue here, about other sexual abuses by the defendant charged with a sex crime. Nonetheless, that testimony was admitted in *VanderVliet*.

The majority deems the testimony in the case at bar to be more prejudicial than probative because it relates to the exact type of sexual abuse for which the defendant was being tried. In fact, the testimony by the defendant's half sister about her experiences with defendant exactly mirrored that of the victim. Certainly such testimony would be prejudicial, but it would be far more probative of defendant's "mens rea, lack of accident, or common plan or scheme." *VanderVliet, supra* at 87.

Considering the horrendous allegations against defendant and the lifelong repercussions for the victims, this Court should apply with the greatest care the factors set forth in *VanderVliet* regarding the admission of other, uncharged bad acts. After faithfully applying these factors, I cannot find that admission of the disputed testimony was "substantially outweighed" by a potential for unfair prejudice.

I would affirm.