PEOPLE v HATCH

Docket No. 84648. Submitted August 6, 1986, at Grand Rapids. Decided November 17, 1986.

Charles T. Hatch was convicted of larceny following a jury trial in Barry Circuit Court. At trial, Robert LaCroix testified that the subject of the larceny, a boat motor, was owned by his father, Edward LaCroix, who resided in Rhode Island, that Edward LaCroix had loaned the boat and motor to Robert LaCroix and his brother, and that Robert LaCroix had authorized Kevin Matteson of Matteson Marina to take possession of the boat and motor for the purpose of making a cover. It was while the boat and motor were in Matteson's possession that the motor was stolen. The prosecutor moved to strike the name of Edward LaCroix as a res gestae witness. The trial court, Richard M. Shuster, J., granted the motion to strike. Defendant appealed.

The Court of Appeals *held:*

1. For the purpose of the larceny statute, the term "owner" encompasses the agents or employees of the owner who are in possession of the property. Since the testimony of the son clearly established that Matteson was acting as an agent of the father with respect to the subject property at the time it was stolen, the father's testimony was not necessary to establish any element of the crime. Accordingly, it was not error to strike the father's name from the list of res gestae witnesses.

2. The trial court articulated sufficient reasons for its departure from the sentencing guidelines.

Affirmed.

LARCENY — WITNESSES — RES GESTAE WITNESSES.

The person who holds title to property which is the subject of a larceny prosecution need not be called to testify where, at the time of the alleged offense, the property had been entrusted to

REFERENCES

Am Jur 2d, Larceny §§ 23 *et seq.*

Am Jur 2d, Witnesses §§ 2-4.

See the annotations in the Index to Annotations under Agents and Agency; Larceny or Theft.

another as agent or employee of the owner of the property, there is evidence which establishes that the agent or employee had control of the property and the agent has testified as to the lack of consent.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Judy H. Hughes,* Prosecuting Attorney, and *Raymond Howd,* Assistant Attorney General, for the people.

*Stiles & Associates* (by *Charles R. Stiles*), for defendant on appeal.

Before: Hood, P.J., and D. E. Holbrook, Jr., and W. R. Peterson,* JJ.

Per Curiam. Defendant appeals by right his jury conviction of larceny over $100, MCL 750.356; MSA 28.588. He was sentenced to forty to sixty months imprisonment.

The charge arose out of the theft of a boat motor from a boat owned by Edward LaCroix of Rhode Island. At the time of the theft, the boat and attached motor were located at Matteson Marina so that certain repairs could be made. The boat was at the marina by permission of LaCroix's son, Robert.

Defendant first argues that the trial court erred in granting the prosecutor's motion to strike Edward LaCroix as a res gestae witness. Defendant contends that since LaCroix was the owner of the motor in question he could have testified as to consent. One element of larceny is that the taking must have been without the consent and against the will of the owner. *People v Wilbourne,* 44 Mich App 376, 378; 205 NW2d 250 (1973). A res gestae witness is one who was witness to some event in the continuum of a criminal transaction and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

whose testimony will aid in developing a full disclosure of the facts surrounding the alleged commission of the charged offense. *People v Carter,* 415 Mich 558, 591; 330 NW2d 314 (1982). The decision of a trial court concerning the status of an alleged res gestae witness will not be overturned on appeal unless clearly erroneous. *People v Abrego,* 72 Mich App 176, 179; 249 NW2d 345 (1976). A finding is clearly erroneous when the reviewing court, based on the entire evidence, is left with a definite and firm conviction that a mistake has been committed. *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976).

In the instant case, an evidentiary hearing was held on the issue at which Robert LaCroix testified that his father owned the boat and motor, that his father gave him and his brother permission to use the boat and motor, that he and his brother, in turn, could give permission for others to use the boat and motor, and that he authorized Kevin Matteson to take possession of the boat in order to have a cover made for it. The trial court found that, for purposes of the larceny statute, the term "owner" encompassed agents or employees of the owner and that Edward LaCroix was therefore not a res gestae witness. We agree with the trial court.

In *People v Jacks,* 76 Mich 218, 221; 42 NW 1134 (1889), the Supreme Court held that the fact of nonconsent to the taking may be proved by any other person having knowledge of the facts, as well as by the owner or the person having control of the property at the time. Further, CJI 22:1:02 defines owner for purposes of the larceny statute as any agent or employee of the owner who at the time of the alleged larceny had custody and possession of the property for the owner.

Because the "owner" at the time of the alleged

theft was Kevin Matteson, as an agent of Robert LaCroix and Edward LaCroix, we conclude that Edward LaCroix was neither an eyewitness to an event in the continuum of the transaction nor a witness whose testimony would aid defendant with regard to proving consent. Accordingly, the trial court's finding that Edward LaCroix was not a res gestae witness was not clearly erroneous and is therefore affirmed.

Defendant next contends that he is entitled to resentencing because the stated reasons for departure from the sentencing guidelines—the extent of defendant's prior criminal history and the failaure of prior punishments to bring about change—were insufficient and were factors already considered by the sentencing guidelines. The sentencing guidelines recommend a minimum sentence of from twelve to thirty months imprisonment. Defendant was sentenced to from forty to sixty months imprisonment. In addition to stating protection of society, rehabilitation and deterrence as reasons for departure from the guidelines, the trial court also noted:

> Here we have an individual with two prior felonies, three prior misdemeanors, who has been on probation before. The Courts have tried to work with Mr. Hatch on a probation basis. They have tried to work with Mr. Hatch on a jail basis, and the comments that I am placing on the sentencing guideline sheet for reasons for departure is that probation has not worked, jail has not worked, defendant deserves an opportunity for a prison experience, and society should be free of him for as long as permitted by law.

We find these reasons for departure to be sufficient. Further, the trial court may properly state on the record factors already considered by the

guidelines. *People v Diamond,* 144 Mich App 787, 789; 376 NW2d 192 (1985), lv den 424 Mich 894 (1986); *People v Ridley,* 142 Mich App 129, 134; 369 NW2d 274 (1985).

Affirmed.