PEOPLE v SAFIEDINE

Docket No. 85865. Submitted October 16, 1986, at Detroit. Decided September 10, 1987. Leave to appeal applied for.

Kaszam Safiedine, a gasoline retailer doing business as K & M Enterprises, Inc., was convicted of seven counts of tax fraud for understating gasoline sales on monthly sales tax returns following a bench trial in Detroit Recorder's Court, Thomas E. Jackson, J. Defendant was sentenced to five years' probation with the first three and last eight months to be served in jail and was ordered to pay a $5,000 fine and $81,052 in restitution. Defendant appealed, raising several claims of error.

The Court of Appeals *held:*

1. The trial court correctly ruled that defendant was not entitled to transactional immunity from prosecution under a statute which empowers the commissioner of revenue or his agents to examine a taxpayer's books, records and papers since defendant had not been subpoenaed, never refused to testify, and never invoked his privilege against self-incrimination.

2. The evidence presented at trial was sufficient to sustain defendant's conviction. The prosecution introduced tax returns and a guarantee given to an oil company bearing defendant's signature from which the trial court could have compared signatures and concluded that the fraudulent tax returns were in fact filed by defendant. The trial court could have inferred an intent by defendant to defraud the State of Michigan or to evade the payment of some portion of the sales tax from evidence showing a large understatement of reported sales for the period in question.

3. The trial court's admission of testimony by defendant's accountant was not violative of the accountant-client privilege. The purpose of the statutory privilege is to protect from disclo-

REFERENCES

Am Jur 2d, Evidence §§ 914 *et seq.*; 1080 *et seq.*

Admissibility of records other than police reports, under Rule 803(b), Federal Rules of Evidence, providing for business records exception to hearsay rule. 61 ALR Fed 359.

Privileged communications between accountant and client. 33 ALR4th 539.

sure the substance of information conveyed by a client to his accountant. The privilege is not intended to protect from disclosure the existence of a professional relationship. The privilege did not apply in this case since the accountant's testimony merely concerned the existence of a professional relationship with defendant and the accountant's general procedure for preparation of monthly sales tax returns.

4. No error resulted from the trial court's admission of hearsay testimony by a treasury agent regarding a conversation the agent had with defendant's accountant. Even if the testimony were inadmissible, it was merely cumulative to the accountant's testimony.

5. An adequate foundation was laid for the admission of certain business records of defendant's gasoline suppliers under the business records exception to the hearsay rule. Testimony indicated that the records were prepared in the regular course of business as a regular practice, the records were prepared at or near the time of the transaction, and the evidence adequately established a connection between the gasoline orders and defendant.

Affirmed.

1. TAXATION — COMMISSIONER OF REVENUE — INVESTIGATIONS — WITNESSES — TESTIMONY — IMMUNITY.

A person who has not been subpoenaed, has never refused to testify, has not invoked his privilege against self-incrimination, and was not ordered to testify within the meaning of the statute which empowers the commissioner of revenue or his agents to examine a taxpayer's books, records and papers is not entitled to transactional immunity from prosecution (MCL 205.3[a]; MSA 7.657[3][a]).

2. CRIMINAL LAW — EVIDENCE — SUFFICIENCY OF EVIDENCE.

Evidence is sufficient to sustain a defendant's conviction if, when viewed in a light most favorable to the prosecution, it would enable a rational trier of fact to conclude that the essential elements of the crime were proven beyond a reasonable doubt.

3. TAXATION — TAX EVASION — EVIDENCE.

A taxpayer's intent to evade taxes may be inferred from all the facts and circumstances surrounding an attempted understatement of taxes, including a pattern of understatement of income or purchases in successive years or months.

4. EVIDENCE — ACCOUNTS AND ACCOUNTING — ACCOUNTANT-CLIENT PRIVILEGE.

The accountant-client privilege protects from disclosure the sub-

stance of information conveyed by a client to his accountant; the privilege does not protect from disclosure the existence of a professional relationship between accountant and client or information regarding the accountant's general procedures (MCL 339.713; MSA 18.425[713]).

5. EVIDENCE — HEARSAY — BUSINESS RECORDS — RULES OF EVIDENCE.

The exception to the hearsay rule for records made in the regular course of business is justified on the grounds that business records by their very nature are precise and unusually reliable because of the systems employed in recording them and the reliance placed upon them by the business world (MRE 803[6]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *E. David Brockman, Paul L. Bricker* and *Vincent F. Salerno,* Assistant Attorneys General, for the people.

*Robert Igrisan,* for defendant.

Before: M. H. WAHLS, P.J., and R. B. BURNS and M. WARSHAWSKY,* JJ.

PER CURIAM. Following a bench trial, defendant Kaszam Safiedine was convicted of seven counts of tax fraud, MCL 205.51 *et seq.*; MSA 7.521 *et seq.* and MCL 205.27; MSA 7.657(27). Defendant was sentenced to five years' probation with the first three and last eight months to be served in the Wayne County Jail. Defendant was also ordered to pay a $5,000 fine and restitution of $81,052.

Defendant, a retailer in gasoline sales, was charged with understating gasoline sales on monthly sales tax returns filed from April, 1982, through October, 1982, and thereby failing to pay the required taxes. The evidence presented at trial consisted primarily of documents pertaining to the amount of gasoline delivered to three retail gasoline service stations owned and operated by the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant and the tax returns filed by the defendant for the months in question.

On appeal, defendant raises four claims of error. First, defendant argues that the trial court erred in failing to dismiss the case pursuant to MCL 205.3; MSA 7.657(3). The statute in question, MCL 205.3(a); MSA 7.657(3)(a), sets forth the powers and duties of the Commissioner of Revenue. The statute empowers the revenue commissioner and duly appointed agents to examine a taxpayer's books, records, and papers concerning tax matters. It provides for the issuance of subpoenas, including those for production of documents. It also provides:

> A person shall not be excused from testifying or from producing any books, papers, records, or memoranda in any investigation, or upon any hearing when ordered to do so by the commissioner, upon the ground that the testimony or evidence, documentary or otherwise, may tend to incriminate or subject him or her to a criminal penalty, however, a person shall not be prosecuted or subjected to any criminal penalty for or on account of any transaction made or thing concerning which he or she may testify or produce evidence, documentary or otherwise, before the board or its agent.

In *People v Parsons,* 142 Mich App 751; 371 NW2d 440 (1985), lv den 424 Mich 878 (1986), this Court held that, where a defendant had not been subpoenaed, never refused to testify, and never invoked his privilege against self-incrimination, he was not entitled to transactional immunity from prosecution under MCL 205.3(a); MSA 7.657(3)(a). In the instant case, as in *Parsons,* neither defendant nor his accountant was "ordered" to testify or to produce any records. Therefore, the trial court did not err in failing to dismiss the case pursuant to MCL 205.3(a); MSA 7.657(3)(a).

Defendant also contends that his conviction was not supported by sufficient evidence because the prosecution failed to establish that it was the defendant who received the gasoline in question and filed the tax returns and that defendant intended to defraud the State of Michigan. We disagree.

Evidence is sufficient to sustain a defendant's conviction if, when viewed in a light most favorable to the prosecution, it would enable a rational trier of fact to conclude that the essential elements of the crime were proven beyond a reasonable doubt. *People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985).

In the instant case, defendant's name appeared as the signature on the tax returns in question. The identity of names was sufficient to raise the presumption of identity of person. See *Goodell v Hibbard,* 32 Mich 47, 55-56 (1875). Cf. 26 USC 6064; *United States v Cashio,* 420 F2d 1132, 1135 (CA 5, 1969), cert den 397 US 1007; 90 S Ct 1234; 25 L Ed 2d 420 (1970). Further, there was evidence indicating that defendant's signature appeared on a guarantee given to Royal Gas and Oil Company, one of defendant's suppliers; thus, the trier of fact was free to compare the signatures appearing on the tax returns with the signature of the defendant and to determine that defendant had submitted the tax returns. MRE 901; *Cashio, supra.* There was also sufficient evidence of defendant's intent to defraud the State of Michigan or to evade the payment of some portion of the sales tax. The evidence presented showed a large understatement of reported sales for the months in question. A taxpayer's intent to evade taxes may be inferred from all the facts and circumstances surrounding the attempted understatement of taxes, including a pattern of understatement of income or pur-

chases in successive years or months. See *United States v Wainwright*, 413 F2d 796, 799 (CA 10, 1969), cert den 396 US 1009; 90 S Ct 566; 24 L Ed 2d 501 (1970). The evidence presented at trial was sufficient to sustain defendant's conviction.

Next, defendant argues that the trial court erred by allowing testimony of the defendant's accountant and testimony relating to the accountant's conversation with a treasury agent. Defendant argues that the testimony was admitted in violation of the accountant-client privilege, MCL 339.713; MSA 18.425(713), and the testimony of the treasury agent was inadmissible hearsay.

MCL 339.713; MSA 18.425(713) provides:

> Except by written permission of the client, individual, firm, or corporation or the heir, successor, or personal representative of the employer, a certified public accountant, or a person employed by a certified public accountant, shall not disclose or divulge, nor be required to disclose or divulge information relative to and in connection with an examination or audit of, or report on, any books, records, or accounts which the certified public accountant or a person employed by the certified public accountant was employed to make. The information derived from or as the result of professional service shall be considered confidential and privileged. This section shall not be construed as prohibiting a certified public accountant whose professional competence has been challenged in a court of law or before an administrative agency from disclosing information otherwise privileged as part of a defense to the court action or administrative hearing.

As noted in Anno: *Privileged communication between accountant and client,* 33 ALR4th 539, 542-543, under the common law, no privilege attaches to transactions between an accountant and

his client and, like many statutes which are enacted in derogation of the common law, statutes establishing an accountant-client privilege have been strictly construed with a number of limitations and restrictions being placed on the scope of the privilege.

In the instant case, defendant's accountant testified that he had prepared the tax returns in question. He stated that defendant was a client of his and he knew defendant as Kaszam or Tom Safiedine. The witness further described his general procedure for preparation of monthly sales tax returns.

We conclude that this testimony was not violative of the accountant-client privilege and the testimony was properly admitted at trial. The purpose of the privilege is to protect from disclosure the substance of the information conveyed by the client to the accountant. The privilege is not intended to protect from disclosure the existence of the professional relationship. Testimony concerning the accounting firm's general procedures, identification of the accountant's signature and the firm's stamp does not violate the statutory privilege. Cf. *Colton v United States,* 306 F2d 633 (CA 2, 1962).

Defendant also asserts that the trial court erred in allowing a treasury agent to testify regarding a conversation he had with defendant's accountant. Defendant contends that the testimony constituted inadmissible hearsay. Even if we were to conclude that the testimony was erroneously admitted at trial, no error requiring reversal occurred. The treasury agent's testimony was merely cumulative as defendant's accountant had previously testified concerning the same matter. Any possible error was harmless. See *People v Hoerl,* 88 Mich App 693, 702; 278 NW2d 721 (1979).

Finally, defendant contends that the prosecution failed to lay the proper foundation for the admission of certain business records of defendant's gasoline suppliers, and that the preparers of the business records should have been endorsed as res gestae witnesses and produced at trial.

The business records in question were properly admitted pursuant to the business records exception to the hearsay rule, MRE 803(6), which provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> * * *
>
> (6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, transactions, occurrences, or events, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

The admission of the evidence is justified on the grounds that business records by their very nature are precise and unusually reliable due to the systems employed in recording them and the reliance placed on them by the business world. *People v Safiedine,* 152 Mich App 208, 216; 394 NW2d 22 (1986), lv den 426 Mich 860 (1986).

In the instant case, our review of the record discloses that an adequate foundation was laid for the admission of the business records under MRE 803(6). The testimony indicated that the records were prepared in the regular course of business as a regular practice, the records were prepared at or near the time of the transactions, and the evidence adequately established a connection between the gasoline orders and the defendant. It was not necessary that the actual preparer of the business records be present to lay the foundation for the admission of the documents as the testimony of other "qualified" witnesses was sufficient. *Safiedine, supra,* p 217. Further, the preparers of the business records were not res gestae witnesses as they did not witness some event in the continuum of a criminal transaction. See *People v Carter,* 415 Mich 558, 591; 330 NW2d 314 (1982); *People v Hatch,* 156 Mich App 265, 266-267; 401 NW2d 344 (1986). No error requiring reversal occurred.

Affirmed.