PEOPLE v SHELDON

Docket No. 172889. Submitted December 21, 1994, at Grand Rapids. Decided January 17, 1995, at 9:25 A.M.

Ronald C. Sheldon was bound over to the Branch Circuit Court on two counts of larceny over $100 involving the unauthorized removal of two automobiles from an impoundment lot. The court, Michael H. Cherry, J., dismissed the charges without prejudice and quashed the information, holding that the wrecker service that was holding the two vehicles following police impoundment did not have an ownership interest in the vehicles and thus the taking of the vehicles from the impoundment lot could not be a larceny and, even if the wrecker service had an ownership interest, the evidence presented at the preliminary examination failed to establish that the value of that ownership interest was more than $100. The people appealed.

. The Court of Appeals held:

1. Larceny is not limited to the taking of property from the person who holds title to the property, but also includes the taking of property from a person who has rightful possession and control of the property. Pursuant to MCL 257.252a; MSA 9.1952(1), an operator of an impoundment lot has a right of possession of a vehicle that has been impounded because of abandonment until such time as the owner pays the towing and storage fees or posts a bond for the payment. Thus, with respect to the vehicle for which there was evidence that it had been impounded because it had been abandoned, the wrecker service had a sufficient possessory interest to make the taking of the vehicle a larceny. However, with respect to the other vehicle for which there was not sufficient evidence to establish that the vehicle had been impounded pursuant to statute, there was not sufficient evidence to establish the possessory interest necessary to support a charge of larceny. Accordingly, the evidence at the preliminary examination was sufficient only to

REFERENCES

Am Jur 2d, Larceny §§ 22, 45.

See ALR Index under Automobiles and Highway Traffic; Larceny or Theft.

establish probable cause to believe that one larceny had occurred.

2. The value of the property taken from the wrecker service was not the value that the vehicle would command on the open market, but rather was the value of the vehicle to the wrecker service, which was the value of the towing and storage fees the wrecker service, as the impoundment agent, was entitled by statute to receive. The prosecutor failed to present any evidence at the preliminary examination concerning the value of the towing and storage services and thus failed to establish probable cause to believe that the value of those services exceeded $100. Accordingly, the record at the preliminary examination supports only a single misdemeanor count of larceny under $100.

3. The circuit court erred in dismissing the charges entirely. The court should have remanded the matter to the district court for trial of the single misdemeanor count of larceny under $100 that was supported by the evidence at the preliminary examination. Accordingly, the matter must be remanded to the district court. However, the remand is without prejudice to the prosecutor refiling the original charges and establishing the ownership or possessory interests and values of those interests of more than $100 necessary to establish the original felony charges.

Affirmed in part, reversed in part, and remanded to the district court.

1. LARCENY — AUTOMOBILES — OWNERSHIP — POSSESSORY INTEREST — IMPOUNDMENT.

An impoundment agent holding an automobile that has been impounded by the police pursuant to statute because of abandonment has a sufficient possessory interest in the vehicle to make a taking of the vehicle from the impoundment lot without the agent's permission a larceny (MCL 257.252a, 750.356; MSA 9.1952[1], 28.588).

2. LARCENY — AUTOMOBILES — IMPOUNDMENT — VALUE.

The value of an automobile taken from an impoundment agent holding the vehicle in impoundment because it had been abandoned is, for the purpose of the bringing of a charge of larceny, the value of the towing and storage services to which the impoundment agent is entitled by statute (MCL 257.252g; MSA 9.1952[7]).

*Frank J. Kelley;* Attorney General, *Thomas L. Casey,* Solicitor General, *John L. Livesay,* Prose-

cuting Attorney, and *Vaughn K. Stecker,* Assistant Prosecuting Attorney, for the people.

*Thomas E. Harmon,* for the defendant.

Before: NEFF, P.J., and SAWYER and J. P. JOURDAN,* JJ.

SAWYER, J. The prosecutor appeals from an order of the circuit court quashing the information and dismissing the charges against defendant without prejudice. We affirm in part and reverse in part.

Defendant originally was charged with one count of larceny over $100. MCL 750.356; MSA 28.588. Following the preliminary examination, the prosecutor moved that defendant not only be bound over on that count, but also that an additional count of larceny over $100 and a count of attempted larceny over $100 be added. The examining magistrate bound over defendant on two counts of larceny over $100, but declined to add the attempted larceny charge, concluding that the evidence merely showed preparation, not perpetration. Defendant successfully had the two larceny charges dismissed in the circuit court as a result of his motion to quash the information.

This case involves the alleged unauthorized removal of motor vehicles from an impound lot. Removed from the impound lot, which was operated by Banker's Wrecker Service, were a 1954 Cadillac and a 1966 Cadillac. No evidence was presented concerning the ownership of those vehicles other than a statement by defendant to the police that he had purchased the 1966 Cadillac a few days before having removed it from the impound lot. The information states that the victim

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of the larceny is Banker's Wrecker Service. It is the prosecutor's theory that, because Banker's Wrecker Service had the right of possession of the vehicles as a result of the impoundment, Banker's properly may be deemed the victim of the larceny. The trial court quashed the information after concluding that the wrecker service was not the owner of the vehicles. Additionally, the court held that even if it were to conclude that the wrecker service was the owner of the vehicles, there was insufficient evidence presented at the preliminary examination to establish that the value of the wrecker service's interest was more than $100.

The prosecutor first argues that the trial court erred in concluding that the automobiles did not belong to the wrecker service at the time they were removed from the impound lot. We agree in part. Clearly, there was no evidence presented that the wrecker service did, in fact, own the vehicles and possess lawful title to those vehicles. Thus, the question is whether the wrecker service enjoyed a right of possession sufficient to support a larceny charge at the time the vehicles were removed from the wrecker service's possession. We believe that it did.

Larceny is not limited to taking property away from the person who holds title to that property, but also includes taking property from a person who has rightful possession and control of the property. *People v Pohl,* 202 Mich App 203, 205; 507 NW2d 819 (1993); *People v Hatch,* 156 Mich App 265, 267; 401 NW2d 344 (1986). In fact, this expansive definition of "owner" for purposes of the crime of larceny is recognized in the jury instructions, specifically CJI2d 22.2, which provides as follows:

"Owner" in this case means the actual owner of

the property [or any other person whose consent was necessary before the property could be taken].

Furthermore, this position is part of the generally accepted principles of criminal law, as evidenced by the example given in Dressler, Understanding Criminal Law, § 32.06[B], p 503, citing 4 Blackstone, Commentaries, p 231.

> Similarly, if *D*, owner of an automobile, nonconsensually takes "his" vehicle from a mechanic who has a possessory interest in it because the car owner has not paid for repairs on it, *D* has taken and carried away the personal property "of another."

Professor Dressler's example is not directly on point to this case, inasmuch as the case at bar does not involve a garage keeper's lien on a vehicle brought in for repairs. Rather, it involves the right of the operator of an impound lot to hold a vehicle that has been impounded by the police. Accordingly, we must search the statutes for the legal authority of an impound lot operator to hold a vehicle.

With respect to abandoned vehicles, that authority can be found in MCL 257.252a(5) and (6); MSA 9.1952(1)(5) and (6). Under that statute, an owner of an abandoned vehicle may retrieve the vehicle from the impound lot upon the payment of the towing and storage fees. If the owner of the vehicle contests either the lawfulness of the impoundment or the reasonableness of the towing and storage fees, the owner may retrieve the vehicle upon the posting of a bond equal to the amount of the towing and storage fees, with the right to be reimbursed if it is subsequently determined that the vehicle had not been abandoned or that the towing and storage fees are unreasonable. Thus, the operator of the impound lot has the right of

possession of the vehicle until such time as the owner pays the towing and storage fees or posts a bond for their payment while the issue is being contested.

In the case at bar, one of the vehicles involved was impounded as an abandoned vehicle. Accordingly, even if defendant is the rightful owner of that vehicle, he did not have the right to remove the vehicle from Banker's Wrecker Service's possession until such time as he paid the impoundment fees or posted a bond. Accordingly, the unauthorized removal of the vehicle from the impound lot could constitute the crime of larceny.

However, with respect to the other vehicle involved, the evidence only establishes that it was impounded for unspecified "violations of state law." The testimony at the preliminary examination does not establish whether the impoundment was because the vehicle had been abandoned on a roadway, the driver had been arrested for some other crime, the vehicle had been registered improperly, or for some other reason. We believe that the testimony at the preliminary examination regarding the impoundment of the second vehicle for unspecified "violations of state law" is insufficient to warrant a binding over on a larceny charge. Such vague testimony is simply insufficient to establish a lawful impoundment such as to give the operator of the impound lot the right of possession of the vehicle until the towing and storage charges are paid, or a bond posted. If there had been testimony that the vehicle was parked in an unsafe manner or in a tow away zone, for example, then we could easily conclude that it was subject to impoundment under MCL 257.252d(1); MSA 9.1952(4)(1), which also requires the payment of the impoundment fees or the posting of a bond. However, the general reference to "violation of

state law" is insufficient to determine under what legal authority the car was impounded and whether that authority grants the operator of the impound lot the right of possession of the vehicle such that the rightful owner must pay the impoundment fees or post a bond before he is lawfully entitled to retrieve his vehicle.

For the above reasons, we conclude that the evidence presented at the preliminary examination only justified the conclusion that there is probable cause to believe that one larceny occurred, not two. Specifically, we conclude that there was probable cause to believe that a larceny occurred with respect to the vehicle that had been impounded as an abandoned vehicle, namely, the 1966 Cadillac.

Next, the prosecutor argues that the trial court additionally erred in concluding that there was not sufficient evidence to establish probable cause regarding the element of value. The trial court concluded that the value of the property taken from Banker's was the value of the impoundment fees Banker's was entitled to receive before the release of the vehicle. The prosecutor, on the other hand, argues that the value for purposes of the larceny is the whole value of the vehicle and that there was sufficient evidence presented to establish probable cause that the vehicles were valued over $100. We agree with the trial court.

This appears to present a novel issue. The cases relied upon by the prosecutor are not on point, inasmuch as they do not deal with the question of value. However neither does defendant cite any cases in which this question is addressed.

Defendant was charged specifically with a larceny from Banker's Wrecker Service. Therefore, we think it reasonable to conclude that the controlling question is what is the value of the "prop-

erty" that was stolen from Banker's Wrecker Service. By statute, the interest of Banker's in the property is limited to the towing and storage fees. Under MCL 257.252g; MSA 9.1952(7), an unclaimed, abandoned, or removed vehicle may be sold at public auction, but the operator of the impound lot only receives the towing and storage charges. After the payment of any expenses by the police agency and the payment of any secured debt, any remaining funds must be returned to the owner, if the owner can be located. If the owner cannot be located, the remainder of the funds is turned over to the unit of government that controls the police agency that made the impoundment.

Thus, Banker's Wrecker Service could never have received more than the amount of the towing and storage fees. That, we believe, represents the accurate value of its possessory interest in the property, inasmuch as that possessory interest only exists so as to secure the payment of those impoundment fees. Thus, where it is charged that the operator of the impound lot is the victim of the larceny, it is necessary to show that the value of the towing and storage fees exceeds $100 in order to charge the felony. In the case at bar, no evidence was presented regarding the value of the towing and storage fees, and, therefore, the prosecutor failed to establish probable cause to believe that the value exceeded $100, thereby precluding a felony charge.

For the above reasons, we conclude that the evidence presented at the preliminary examination only established probable cause to believe that a single incident of larceny under $100 occurred. Thus, the trial court correctly quashed the felony information. However, we do believe that the cir-

cuit court erred in dismissing the charges entirely. It should have remanded the matter to the district court for trial on one misdemeanor count of larceny under $100. Accordingly, although we do affirm the trial court order quashing the information, we further remand the matter to the district court for trial on one misdemeanor count of larceny under $100. However, the remand is without prejudice to the prosecutor to refile charges if he can establish the proper impoundment on the second count or to establish the felony aspects of either or both larcenies by demonstrating either that the value of the towing and storage fees exceeded $100 or by establishing that the vehicles involved were, in fact, owned by someone other than defendant, thus establishing a larceny over $100 with the rightful owner, rather than the wrecker service, being established as the victim of the crime.

Affirmed in part, reversed in part, and remanded to the district court for further proceedings consistent with this opinion. We do not retain jurisdiction.