In the Matter of CLEMENTS MANU-FACTURING LIQUIDATION COM-PANY, LLC, fka Kensa, LLC fka Clements Manufacturing of Michigan, LLC dba Clements Manufacturing, LLC, Debtor.

Charles L. Wells, III, Chapter 7 Trustee, Plaintiff,

v.

THB America, LLC, Tianhai Electric North America, and Sakoma, LLC, Defendants.

Harold Zaima, an individual, Zaima Family LLC, a Michigan limited liability company, Sakoma, LLC, a Michigan limited liability company, and Kensa de Honduras S. de R.L., a Honduran company, Plaintiffs/Counter–Defendants,

v.

China Auto Electronics Group Ltd., a Bermudan corporation; Henan Tianhai Electric Co., Ltd., a Chinese corporation; Hebi Tianhai Huanqju Electric Company, Ltd., a Chinese corporation, Defendants,

and

Tianhai Electric North America, Inc., A Michigan corporation; THB America, LLC, A Michigan limited liability company, Defendants/ Counter–Plaintiffs and Third Party Plaintiffs,

v.

Clements Manufacturing Liquidation Co., LLC, f/k/a Kensa, LLC, a Michigan limited Liability company, and Charles L. Wells, III, Chapter 7 Trustee, Third Party Defendants.

Bankruptcy No. 09–65895–TJT.
Adversary Nos. 10–6123, 10–7341.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division,

Detroit.

Aug. 24, 2012.

## OPINION REGARDING THE ACCOUNTANT–CLIENT PRIVILEGE ASSERTED BY DEFENDANTS IN OPPOSING THE CHAPTER 7 TRUSTEE'S MOTION TO COMPEL

THOMAS J. TUCKER, Bankruptcy Judge.

### I. Introduction

This opinion concerns Michigan's accountant-client privilege statute, Mich. Comp. Laws Ann. § 339.732. The Plaintiff Chapter 7 Trustee seeks discovery of an accountant's work papers relating to a Defendant's 2008 tax returns, and correspondence between the Defendant and its accountant about those tax returns. The Defendant claims that all of the documents are privileged.

For the reasons stated in this opinion, the Court rules in favor of the Trustee, in part, as described below.

### II. Background

These consolidated adversary proceedings came before the Court for a hearing on June 27, 2012, on the Chapter 7 Trustee's motion entitled "Trustee's Motion to Compel Responses to Interrogatories and Production of Documents and Request of Sanctions" (the "Motion").[1] As stated during the hearing and in the Order filed after the hearing, on June 27, 2012,[2] the Court has ruled on all aspects of the Motion except the claim of accountant-client privilege asserted by Defendants THB America, LLC ("THB") and Tianhai Electric North America ("TENA"). The parties argued the privilege issue during the June 27 hearing, and in the June 27 Order, the Court permitted the parties to file post-hearing briefs. Defendants timely filed a brief on July 6, 2012. The Trustee had

Leonora K. Baughman, Kilpatrick & Associates, Auburn Hills, MI, for Plaintiff and Third Party Defendants.

Doron Yitzchaki, Ann Arbor, MI, Linda M. Watson, Birmingham, MI, Shannon L. Deeby, Clark Hill PLC, Detroit, MI, for Defendants, Plaintiffs/Counter–Defendants, and Defendants/Counter–Plaintiffs and Third Party Plaintiffs.

---

1. Docket # 83 filed in Adv. Pro. No. 10–6123.

2. Docket # 88 filed in Adv. Pro. No. 10–6123.

until July 11, 2012 to file a post-hearing brief, but did not do so. The Court has considered all of the oral and written arguments of the parties.

As described in the Trustee's Motion and by Trustee's counsel during the June 27 hearing, the Trustee seeks an order compelling Clayton & McKervy, P.C., the accountants who prepared Defendant THB's 2008 tax returns, to produce copies of all of its work papers relating to THB's 2008 tax returns, and copies of all correspondence between Clayton & McKervy and THB relating to the 2008 tax returns.[3] In response to a subpoena served by the Trustee,[4] Clayton & McKervy has refused to provide such documents without a court order or the consent of THB. THB has refused to consent, and argues that such documents are protected by an accountant-client privilege established by Michigan statute, specifically Mich. Comp. Laws Ann. § 339.732(1). The Trustee argues that the documents are not privileged.

### III. Applicable law

■ As the parties correctly agree, Michigan law governs the question of privilege in these consolidated adversary proceedings. The parties cite Fed.R.Evid. 501,[5] which states in pertinent part that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." The parties involved in this privilege contest do not dispute that Michigan law supplies the rule of decision for the claims and defenses in these consolidated adversary proceedings, so Michigan law governs the issue of privilege.

Under Michigan law there is a statutory accountant-client privilege. With exceptions not applicable here,[6] the privilege protects the following information from disclosure without the client's permission:

- "information relative to and in connection with an examination or audit of, or report on, books, records, or accounts that the [licensed certified public accountant] or a person employed by the [licensed certified public accountant] was employed to make"

and

- "the information derived from or as the result of professional service rendered by a certified public accountant."

*See* Mich. Comp. Laws Ann. § 339.732(1). The full text of this statutory subsection is this:

Except by written permission of the client or the heir, successor, or personal representative of the client to whom the information pertains, a licensee, or a person employed by a licensee, shall not disclose or divulge and shall not be required to disclose or divulge **information relative to and in connection with an examination or audit of, or report on, books, records, or accounts that the licensee or a person employed by the licensee was employed to make.** Except as otherwise provided in this section, **the information derived from or as the result of professional service**

---

**3.** *See* Trustee's Brief in Support of the Motion (Docket # 83 at pdf. p. 11).

**4.** It appears that a copy of the subpoena served on Clayton & McKervy was filed with this Court on March 8, 2012 (Docket # 76 in Adv. Pro. No. 10–6123).

**5.** The Federal Rules of Evidence apply in bankruptcy court cases and adversary proceedings. *See* Fed.R.Evid. 101(a); 1101(a); 1101(b); and Fed.R.Bankr.P. 9017.

**6.** The exceptions in the statute to the privilege are stated in Mich. Comp. Laws Ann. § 339.732(2). The Trustee does not argue that any of these exceptions apply here.

rendered by a certified public account-
ant is confidential and privileged.

*Id.* (emphasis added).

 Because this statutory privilege is
in derogation of the common law, it must
be strictly construed:

> [U]nder the common law, no privilege
> attaches to transactions between an ac-
> countant and his client and, like many
> statutes which are enacted in derogation
> of the common law, statutes establishing
> an accountant-client privilege have been
> strictly construed with a number of limi-
> tations and restrictions being placed on
> the scope of the privilege.

*People v. Safiedine*, 163 Mich.App. 25, 414
N.W.2d 143, 145 (1987).[7] The Michigan
Court of Appeals has held, in both publish-
ed and unpublished opinions,[8] that "[t]he
purpose behind the accountant-client privi-
lege ... is to protect from disclosure the
substance of the information conveyed by
the client to the accountant." *People v.
Paasche*, 207 Mich.App. 698, 525 N.W.2d

914, 918 (1995); *see also People v. Safied-
ine*, 414 N.W.2d at 146 (same); *In re
Martin*, 1998 WL 1988880, at *3 (unpub-
lished) (quoting *People v. Paasche*, su-
*pra*).[9] Of these cases, the unpublished
case went even further, and held that "the
statute applies *only* to confidential infor-
mation passed from client to accountant."
*In re Martin*, 1998 WL 1988880, at *3
(emphasis added).

## IV. Discussion

 The Trustee makes two basic argu-
ments. First, the Trustee argues that the
Michigan privilege statute does not apply
to the accountant's work papers or the
correspondence at issue, because the Trus-
tee is seeking only work papers and corre-
spondence relating to THB's 2008 tax re-
turns. Because it is limited to documents
concerning tax returns, the Trustee ar-
gues, the document request does not seek
documents relating to "an examination or
audit of, or report on, books, records, or

---

**7.** In *Safiedine,* the Michigan Court of Appeals
applied an earlier version of the current ac-
countant-client privilege statute, namely, for-
mer Mich. Comp. Laws Ann. § 339.713. In
1997, that earlier version was repealed and
replaced by the current statute, Mich. Comp.
Laws Ann. § 339.732. *See Punches v. Martin
(In re Martin),* No. 204854, 1998 WL 1988880
at *2 (Mich.Ct.App. November 17, 1998) (un-
published). The earlier version of the statute
was the same as the current statute, in all
ways that are material to this case. The earli-
er version, § 339.713, provided, in pertinent
part:

> Except by written permission of the client,
> individual, firm, or corporation or the heir,
> successor, or personal representative of the
> employer, a certified public accountant, or
> a person employed by a certified public
> accountant, shall not disclose or divulge,
> nor be required to disclose or divulge **infor-
> mation relative to and in connection with
> an examination or audit of, or report on,
> any books, records, or accounts which the
> certified public accountant or a person em-**

**ployed by the certified public accountant
was employed to make. The information
derived from or as the result of profession-
al service shall be considered confidential
and privileged.**

*Id.* (emphasis added); *see also People v. Saf-
iedine,* 414 N.W.2d at 145 (quoting the earlier
statute).

**8.** Under Mich. Ct. R. 7.215(C)(1), an unpub-
lished opinion of the Michigan Court of Ap-
peals "is not precedentially binding under the
rule of stare decisis." Nonetheless, such an
unpublished opinion may be cited by parties,
presumably as persuasive but non-binding au-
thority, since the rule goes on to state that
"[a] party who cites an unpublished opinion
must provide a copy of the opinion to the
court and to opposing parties with the brief
or other paper in which the citation appears."

**9.** All of these cases were applying the former
version of the statute, but the current statute
is in all material respects the same as the
former version. *See* discussion in footnote 7
of this opinion.

accounts" of THB, within the meaning of § 339.732(1).

The Court must reject this argument. First, the Trustee's reading of the statute is not supported by any case law, and it is too narrow. The statutory phrase quoted above is broad enough to cover the documents at issue, even under a strict construction. Second, the Trustee's argument ignores the last sentence in the privilege statute, which is clearly broad enough to cover information relating to an accountant's work on a client's tax returns. That sentence in § 339.732(1) says that "the information derived from or as the result of professional service rendered by a certified public accountant is confidential and privileged."

 The Trustee's second argument is that the few Michigan cases interpreting the privilege statute have limited it to protecting only confidential information communicated from the client to the accountant. While the statutory wording, quoted above, certainly could support a broader reading than this, the Court must agree with the Trustee, based on the Michigan cases discussed in part III of this opinion. The Court thus holds that the Michigan privilege statute, Mich. Comp. Laws Ann. § 339.732(1), protects only the substance of confidential information communicated by the client to the accountant.

The accountant's work papers relating to THB's 2008 tax returns *may* contain privileged information subject to protection (*e.g.,* by redaction), but the work papers likely also contain information that is not privileged. Similarly, correspondence between THB and its accountant regarding the 2008 tax returns may be privileged in part—*i.e.,* to the extent it reveals the substance of confidential information communicated by THB to the accountant—but it may also contain information that is not privileged.

On the present record, the Court cannot rule in more detail about the precise extent to which the documents in question are privileged. None of the documents have been produced to the Trustee yet (even with redactions). Nor has a privilege log been prepared and provided to the Trustee. And none of the documents have been presented for an *in camera* review by the Court. The Court will require that Defendants follow the first two of these steps, and later, if necessary, the Court may conduct an *in camera* review.

## V. Conclusion

The Court will enter an order consistent with this opinion.