# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RAMON ROMEO ROMERO,

Defendant-Appellant.

UNPUBLISHED
July 13, 2017

No. 331145
Wayne Circuit Court
LC No. 15-007667-01-FH

Before: O'BRIEN, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Defendant, Ramon Romeo Romero, was convicted by a jury of larceny by conversion of property valued at more than $1,000 but less than $20,000, MCL 750.362, and sentenced as a second-offense habitual offender, MCL 769.10, to 28 months to 90 months in prison. He appeals as of right, and we affirm.

On appeal, defendant does not necessarily argue that he did not commit larceny by conversion. Rather, his appellate arguments focus on whether the stolen property at issue was valued at more than $1,000 but less than $20,000. During trial, the prosecution sought to prove the value of the stolen property in several different ways. One of those ways involved the admission of what the parties refer to as "Exhibit 3." Exhibit 3 included two lists of items. The first list was a one-page list created by the victim that set forth a list of "UNACCOUNTED ITEMS" that were not considered by the victim's insurance company when he made a claim for the stolen property. Included on this list were 20 books, which he valued at $514.99; seven audio records, which he valued at $656.75; and six "irreplaceable items," which he valued at $20,200.[1] While reasonable minds could certainly differ as to whether these amounts accurately reflect the value of the stolen items identified, it does not appear that defendant takes issue with the admission of this list.

Instead, defendant's appellate arguments focus on the remaining three pages of "Exhibit 3." Those three pages include a relatively complicated breakdown by the victim's insurance

---

[1] It should be noted that three of the "irreplaceable items" that the victim listed on the "UNACCOUNTED ITEMS" list were not valued or considered in the $20,200 amount.

-1-

company with respect to other stolen property. Those three pages divide the stolen property into several categories, including bedroom-related personal property, den-related personal property, exercise-related personal property, garage-related personal property, and library-related personal property, and provide the estimated amount, tax amount replacement-cost amount, age, condition, life, depreciation amount, actual cash value, actual replacement value, amount paid and estimated remaining amount for each stolen property reported by the victim to his insurance company. Finally, and perhaps most importantly, those three pages ultimately provide that the actual cash value of the stolen property that was reported by the victim to the insurance company, which was valued at $8,263.84. On appeal, defendant argues that these three pages were erroneously admitted because they constitute hearsay and because an insufficient foundation was laid to support the application of any hearsay exception. The prosecution concedes that three pages were erroneously admitted, and we agree. Frankly, the trial court's decision to admit these three pages was erroneous on its face: "Okay. Well it's not a statement. It's a list of items with purported values next to them. So for that reason, overruled."

Accordingly, the question before this Court is straightforward: Was the admission of these three pages, while erroneous, harmless? We conclude that it was. In the criminal context, this Court has recognized that the erroneous admission of a record that is prepared in the course of regularly conducted business activity may be harmless. *People v Hill*, 257 Mich App 126, 140; 667 NW2d 78 (2003) ("An erroneous admission of hearsay evidence can be rendered harmless error where corroborated by other competent testimony."). In the civil context, it has applied that rule of law as follows:

> Our review of the record in the present case reveals that the plaintiffs failed to lay an adequate foundation for admission under MRE 803(6) because there was no testimony that the records were prepared in the course of regularly conducted business activity. Compare *People v Safiedine*, 163 Mich App 25, 33; 414 NW2d 143 (1987). However we also determine that admitting these documents into evidence under MRE 803(6) was harmless error. First, [the plaintiff] testified independently about the information contained in the two documents. Second, because the plaintiffs were not required to attempt to rescind the transaction, we disagree with the defendant's argument that this evidence was important because it showed that the plaintiffs could not back out of the transaction. Third, the documents did not confuse or influence the jury's determination of damages. Consequently, the trial court's decision to admit this evidence without ascertaining whether the documents kept in the course of regularly conducted business activity is not by itself sufficient ground to set aside the verdict. MCR 2.613(A). [*Price v Long Realty, Inc*, 199 Mich App 461, 467-468; 502 NW2d 337 (1993).]

The same can be said in this case. Consequently, we conclude that the admission of the three pages prepared by the victim's insurance company, while erroneous, is not by itself grounds for reversal. As indicated above, the prosecution sought to prove the value of the stolen property in several different ways. In addition to the three pages at issue on appeal, the prosecution presented the additional page of Exhibit 3, which set forth a significant amount of stolen property that was valued at more than $1,000 and not considered by the insurance company. The prosecutor also presented the testimony of the victim, who testified that

defendant stole "lots of books," "a TV, a stereo," "lots of clothes," "lots of ties, personal records, business records," "plastic guns," "[a] punching bag," "weapons," "hand pads, holding pads for punching, jump ropes, [a] set of weights, ankle weights, pull-up bar," a "giant wood post queen-size bed," a "TV-VCR combination," and various other items. The victim offered his opinion as to the value of the items based on research he performed using "primarily e-Bay or Amazon, to look at comparable prices for those particular items." While the admission of the three pages, when corroborated by only the victim's opinion on the value of those items, may not have been sufficient for an appellate court to conclude that their admission was harmless, that is not the case before this Court. Rather, the victim also testified as to the amount that his insurance company paid him as a result of the property being stolen: $7,200. According to the victim, the insurance company paid him "$7,200 and something" for the stolen property. In our view, that amount, which is obviously between $1,000 and $20,000, provided sufficient evidence for the jury to find that the first element of larceny by conversion of property valued at more than $1,000 but less than $20,000 was proved beyond a reasonable doubt. We therefore conclude that, while the three pages were erroneously admitted, their admission was harmless, and reversal is not required.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens